**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CEI HOLDING VEHICLE, LLC,<br><br>　　　　　　　　　　　Debtor. | Chapter 7<br><br>Case No. 23-12121 (BLS) |

**STATEMENT OF FINANCIAL AFFAIRS**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>CEI HOLDING VEHICLE, LLC,<br><br>                    Debtor. | Chapter 7<br><br>Case No. 23-12121 (BLS) |

**GLOBAL NOTES REGARDING THE OROX DEBTORS' SCHEDULES OF ASSETS
AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On December 31, 2023, (the "Petition Date"), the following twenty (20) affiliated entities (collectively, the "Orox Debtors") filed voluntary petitions for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"):

| **Debtor** | **Case No.** |
|---|---|
| Orox Capital Management, LLC | 23-12118 |
| AIHV I, LLC | 23-12119 |
| Armstrong Co-Investment Vehicle, L.P. | 23-12120 |
| CEI Holding Vehicle, LLC | 23-12121 |
| OC Holding Vehicle, LLC | 23-12122 |
| OCAV IV, LLC | 23-12123 |
| OFAV I, LLC | 23-12124 |
| Orox Capital Acquisition Vehicle I, LLC | 23-12125 |
| Orox Capital Co-Investment GP, L.P. | 23-12126 |
| Orox Capital Co-Investment Vehicle I, L.P. | 23-12127 |
| Orox Capital Co-Investment Vehicle II, L.P. | 23-12128 |
| Orox Capital Co-Investment Vehicle III, L.P. | 23-12129 |
| Orox Capital Credit GP, L.P. | 23-12130 |
| Orox Capital Credit Opportunities Fund, L.P. | 23-12131 |
| Orox Capital GP, LLC | 23-12132 |
| Orox Finance Co-Investment GP, L.P. | 23-12133 |
| Orox Southwest Holding Vehicle, LLC | 23-12134 |
| Orox SSW Holdings, LLC | 23-12135 |
| Oscar Equipment Company, LLC | 23-12137 |
| Oscar Holding Vehicle, LLC | 23-12138 |

Each Orox Debtor has filed its Schedules of Assets and Liabilities (collectively, the "Schedules") and Statement of Financial Affairs (the "Statement" and, collectively with the Schedules, the "Schedules and Statement") with the Court. Each Orox Debtor, with the assistance of its advisors, prepared its Schedules and Statement in accordance with section 521 of the Bankruptcy Code, Rule 1007 of the Federal Rules of Bankruptcy Procedure, and Rule 1007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware. These *Global Notes Regarding the Orox Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs* (the "Global Notes") pertain to, are

incorporated by reference in, and comprise an integral part of, all of the Schedules and Statements filed by the Orox Debtors. The Global Notes should be referred to and considered in connection with any review of any of the Schedules and Statements filed by the Orox Debtors.

In preparing the Schedules and Statements, the Orox Debtors relied on financial data derived from their books and records. The Orox Debtors have made reasonable efforts to ensure that the Schedules and Statements are accurate and complete based on information known to them at the time of preparation after reasonable inquiries. The Schedules and Statements are unaudited and subject to potential adjustment.

1. **Reporting Date**: The information provided in the Schedules and Statements is presented as of December 29, 2023.

2. **Reservations and Limitations**: Nothing contained in the Schedules and Statements or these Global Notes shall constitute a waiver of any of the Orox Debtors' rights or an admission with respect to the chapter 7 cases including, but not limited to, any issues involving objections to claims, substantive consolidation, equitable subordination, defenses, characterization or re-characterization of contracts, assumption or rejection of contracts under the provisions of the Bankruptcy Code and/or causes of action arising under the Bankruptcy Code or any other relevant applicable laws.

3. **Basis of Presentation**: Debtor Orox Capital Management, LLC ("OCM") has kept business books and records for itself and its Debtor-affiliates since the beginning of OCM's existence on November 5, 2012 (and, for Orox Debtors created after such date, since such entity's respective inception). OCM keeps its books in accordance with US Generally Accepted Accounting Principles (GAAP). With respect to the fund entities that have consummated private equity investments in portfolio companies (*i.e.*, Orox Capital Credit Opportunities Fund, L.P., and the entities with "Co-Investment Vehicle" in their names), the investments are presented in line with guidance provided through the AICPA's Audit and Accounting Guide for Investment Companies. In general, the Orox Debtors have attempted to prepare their respective Schedules and Statements to align with their books and records, except as may be noted otherwise in these Global Notes.

4. **Schedule A/B Part 3 (Accounts Receivable)**: If an Orox Debtor has indicated that it has accounts receivable but values such receivables as $0.00, that Orox Debtor has fully reserved such receivables (*i.e.*, determined to be uncollectable).

5. **Schedule G (Executory Contracts)**: With the assistance of counsel, the Orox Debtors have endeavored to only include unexpired leases and contracts that are executory. Many of the Orox Debtors are parties to non-executory contracts that entitle them to payments (*e.g.*, expense reimbursement or indemnification rights in operating agreements or other transaction documents) or otherwise relate to assets and liabilities set forth elsewhere in the Schedules and Statements.

6. **Statement Questions 1 & 2 (Income)**: For purposes of answering Questions 1 and 2 on the Statements, the Orox Debtors have *not* included "phantom income" for any of the current or prior periods; however, this income is reported on the Orox Debtors' books and records in the

ordinary course. For example, certain Orox Debtors are holders of promissory notes where the interest is "paid-in-kind" (*i.e.*, PIK interest) and such PIK interest is accrued as income on the Orox Debtor's books and records even though no cash payment was received. On the Statements, the Orox Debtors are reporting only cash income (if any).

7. **Statement Question 11 (Payments Related to Bankruptcy)**: As set forth in the *Disclosure of Compensation of Attorney for Debtor* filed with each of the Orox Debtors' respective petitions, as a requirement of the current engagement (which included services in addition to bankruptcy preparation, including providing advice related to portfolio company investments and OCM's management of same): (i) each of the Orox Debtors agreed to be jointly and severally liable for fees and expenses of Benesch Friedlander Coplan & Aronoff LLP ("Benesch") and (ii) the Orox Debtors would provide Benesch with an initial $100,000 advance payment retainer prior to Benesch starting any work. On November 14, 2023, Benesch received the initial $100,000 special purpose retainer from OCM via wire transfer. On December 15, 2023, Benesch received an additional $100,000 advance payment retainer from OCM via wire transfer. As part of the bankruptcy preparation and engagement process, OCM collected monies from each debtor (to the extent available) to aggregate for each wire transfer to Benesch. This is reflected on each Debtor's financial statements. With respect to Question 11 in the Statements, consistent with their bookkeeping practices, each Orox Debtor reports:

   a. $1,373.70 paid on November 14, 2023, to Benesch for services related to bankruptcy (*i.e.*, 20 debtors each paying $1,373.70 = total amount of $27,474.00). The remaining $72,526 of the November 14, 2023 advance payment retainer was on account of advice and services concerning the Orox Debtors' investments which OCM allocates to the portfolio companies for reimbursement, which advice was rendered after the November 14, 2023 payment was made.

   b. $5,000 paid on December 15, 2023, to Benesch for services related to bankruptcy (*i.e.*, 20 debtors each paying $5,000 = total amount of $100,000). At that time, it had become more likely than not that each of the Orox Debtors would file chapter 7 petitions and, thus, the entirety of the second $100,000 advance payment retainer was attributable to bankruptcy preparation and the Statements reflect its pro ration across the 20 Orox Debtors.

8. **Statement Question 25 (Other Businesses in Which the Debtor has or has had an Interest)**: On Question 25 in the Statements, each Orox Debtor is only identifying the entities which are or were direct subsidiaries. When considering the information on a consolidated basis (*i.e.*, all the Schedules and Statements), however, all indirectly owned subsidiaries are identified down to the portfolio company level. The interim chapter 7 trustee appointed in the chapter 7 cases has been provided with the organization chart maintained by the Orox Debtors.

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **CEI Holding Vehicle, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **23-12121** |

☐ Check if this is an amended filing

# Official Form 207
## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy   04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

1. **Gross revenue from business**

    ■ None.

    | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
    |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ☐ None.

    | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
    |---|---|---|
    | **From the beginning of the fiscal year to filing date:**<br>From **1/01/2023** to **12/31/2023** | **Custom Ecology Holdco, LLC Promissory Note, earning 3% interest which PIKs quarterly - Fully reserved** | **$0.00** |
    | **For prior year:**<br>From **1/01/2022** to **12/31/2022** | **Custom Ecology Holdco, LLC Promissory Note, earning 3% interest which PIKs quarterly - Fully reserved** | **$0.00** |
    | **For year before that:**<br>From **1/01/2021** to **12/31/2021** | **Custom Ecology Holdco, LLC Promissory Note, earning 3% interest which PIKs quarterly & predecessor notes - Fully reserved** | **$0.00** |

### Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

| Debtor | CEI Holding Vehicle, LLC | Case number (if known) | 23-12121 |
|---|---|---|---|

■ None.

| Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
|---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7,575. (This amount may be adjusted on 4/01/25 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

■ None.

| Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
|---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:    Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

■ None.

| Case title<br>Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

■ None

**Part 4:    Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:    Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

| Debtor | CEI Holding Vehicle, LLC | Case number (if known) | 23-12121 |
|---|---|---|---|

☒ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br><br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br><br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | Dates of loss | Value of property lost |
|---|---|---|---|

### Part 6: Certain Payments or Transfers

**11. Payments related to bankruptcy**
List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

☐ None.

| | Who was paid or who received the transfer?<br>Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|---|
| 11.1. | **Benesch, Friedlander, Coplan & Aronoff LLP**<br>**127 Public Square**<br>**Suite 4900**<br>**Cleveland, OH 44114** | | **12/15/2023** | **$5,000.00** |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Orox Capital Management, LLC** | | | |
| 11.2. | **Benesch, Friedlander, Coplan & Aronoff LLP**<br>**127 Public Square**<br>**Suite 4900**<br>**Cleveland, OH 44114** | | **11/14/2023** | **$1,373.70** |
| | Email or website address | | | |
| | Who made the payment, if not debtor?<br>**Orox Capital Management, LLC** | | | |

**12. Self-settled trusts of which the debtor is a beneficiary**
List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
Do not include transfers already listed on this statement.

☒ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

**13. Transfers not already listed on this statement**
List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None.

| Debtor | CEI Holding Vehicle, LLC | Case number (if known) | 23-12121 |

| | Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|---|
| 13.1 | Sanders Creek Management, LLC<br>c/o Wick Phillips<br>Attn: Jacob Fain<br>100 Throckmorton Street, Suite 1500<br>Fort Worth, TX 76102 | 25% participation in Debtors' equity participation in Custom Ecology Holdco, LLC in connection with settlement of certain claims | 4/29/2022 | Unknown |
| | Relationship to debtor | | | |

### Part 7: Previous Locations

**14. Previous addresses**
List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☐ Does not apply

| | Address | Dates of occupancy From-To |
|---|---|---|
| 14.1. | 4514 Cole Avenue<br>Suite 705<br>Dallas, TX 75205 | 05/07/2019-11/30/2021 |

### Part 8: Health Care Bankruptcies

**15. Health Care bankruptcies**
Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

■ No. Go to Part 9.
☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

### Part 9: Personally Identifiable Information

**16. Does the debtor collect and retain personally identifiable information of customers?**

■ No.
☐ Yes. State the nature of the information collected and retained.

**17. Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

■ No. Go to Part 10.
☐ Yes. Does the debtor serve as plan administrator?

### Part 10: Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

Debtor   **CEI Holding Vehicle, LLC**                                Case number *(if known)* 23-12121

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold, moved, or transferred?
    Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

    ■ None

    | Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
    |---|---|---|---|---|

19. **Safe deposit boxes**
    List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

    ■ None

    | Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Does debtor still have it? |
    |---|---|---|---|

20. **Off-premises storage**
    List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

    ■ None

    | Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
    |---|---|---|---|

**Part 11:  Property the Debtor Holds or Controls That the Debtor Does Not Own**

21. **Property held for another**
    List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

    ■ None

**Part 12:  Details About Environment Information**

For the purpose of Part 12, the following definitions apply:

*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

    ■ No.
    ☐ Yes. Provide details below.

    | Case title Case number | Court or agency name and address | Nature of the case | Status of case |
    |---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

| Debtor | CEI Holding Vehicle, LLC | Case number (if known) | 23-12121 |
|---|---|---|---|

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

24. **Has the debtor notified any governmental unit of any release of hazardous material?**

☒ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

25. **Other businesses in which the debtor has or has had an interest**
    List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

    ☐ None

| | Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|---|
| 25.1. | CEI SLI Acquisition, LLC | Investment holding compnay of Stafford Logistics, Inc. and affiliates | EIN: 36-4879573<br>From-To 05/15/2019-06/10/2021 |

26. **Books, records, and financial statements**
    26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

    ☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26a.1. | Jeff McKee- Orox Capital Management, LLC<br>c/o Benesch<br>Attn: Jacob Marshall<br>71 S. Wacker Drive, Suite 1600<br>Chicago, IL 60606 | 10/01/2018-12/29/2023 |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| | Name and address | Date of service From-To |
|---|---|---|
| 26b.1. | Weaver and Tidwell, LLP<br>2821 West 7th Street<br>Suite 700<br>Fort Worth, TX 76107 | 10/03/2022-11/22/2022<br>01/13/2023-06/28/2023 |
| 26b.2. | Deloitte & Touche, LLP<br>2200 Ross Avenue<br>Suite 1600<br>Dallas, TX 75201-6778 | 01/01/2022-06/28/2022 |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

| Debtor | CEI Holding Vehicle, LLC | Case number *(if known)* | 23-12121 |
|---|---|---|---|

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|
| 26c.1. **Orox Capital Management, LLC**<br>**2403 Farrington Street**<br>**Dallas, TX 75207** | **Maintained on server** |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

| Name and address |
|---|

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| Mark W. Martinson | c/o Benesch<br>Attn: Jacob Marshall<br>71 S. Wacker Drive, Suite 1600<br>Chicago, IL 60606 | Managing Partner of Manager | 0 |
| Jeffrey A. McKee | c/o Benesch<br>Attn: Jacob Marshall<br>71 S. Wacker Drive, Suite 1600<br>Chicago, IL 60606 | Treasurer | 0 |
| OCAV IV, LLC | c/o Benesch<br>Attn: Jacob Marshall<br>71 S. Wacker Drive, Suite 1600<br>Chicago, IL 60606 | Sole Member | 100 |
| Orox Capital Management, LLC | PO Box 670447<br>Dallas, TX 75367 | Manager | 0 |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

■ No
☐ Yes. Identify below.

30. **Payments, distributions, or withdrawals credited or given to insiders**
Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

Debtor   **CEI Holding Vehicle, LLC**                                           Case number *(if known)* 23-12121

■ No
☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

   ☐ No
   ■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| **OCAV IV, LLC** | EIN:    82-4604825 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

   ■ No
   ☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|

| Debtor | CEI Holding Vehicle, LLC | Case number (if known) | 23-12121 |
|---|---|---|---|

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on **January 16, 2024**

**/s/ Mark W. Martinson**          **Mark W. Martinson**
Signature of individual signing on behalf of the debtor          Printed name

Position or relationship to debtor          **Managing Member of Debtor's Manager**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
☒ No
☐ Yes